NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 14 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AARON BERT FODGE, | No. 16-35497 |
| Plaintiff-Appellant, | D.C. No. 1:13-cv-00331-BLW |
| v. | |
| TINA BOSSOLONO-WILLIAMS, R.N.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted August 9, 2017**

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Aaron Bert Fodge, an Idaho state prisoner, appeals pro se from the district

court's summary judgment and dismissal order in his 42 U.S.C. § 1983 action

alleging deliberate indifference to a serious medical need.  We have jurisdiction

under 28 U.S.C.

---

       *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

       **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We may affirm on any basis supported by the record. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009). We affirm.

Summary judgment was proper because Fodge failed to raise a genuine dispute of material fact as to whether the recommended course of treatment was "medically unacceptable under the circumstances, and was chosen in conscious disregard of an excessive risk to [Fodge's] health." *Toguchi,* 391 F.3d at 1058 (citation and internal quotation marks omitted) (a difference in medical opinion does not rise to the level of deliberate indifference).

The district court properly dismissed Fodge's claim against Corizon because Fodge failed to allege facts sufficient to show that any constitutional deprivation occurred as a result of a custom or policy of Corizon. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (to make out a claim against a private entity under § 1983, plaintiff must show that defendant (1) acted under color of state law, and (2) a constitutional violation was caused by an official policy or custom of defendant).

The district court did not abuse its discretion by denying Fodge's motions for appointment of counsel because Fodge did not show exceptional circumstances

16-35497

warranting such an appointment. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and explaining the "exceptional circumstances" requirement).

The district court did not abuse its discretion by denying Fodge's request for judicial notice. *See* Fed. R. Evid. 201(b) (setting forth the kinds of facts that are judicially noticeable); *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012) (setting forth standard of review).

The district court did not abuse its discretion by denying Fodge's motion for reconsideration because Fodge failed to establish grounds for such relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

Defendant Siegert's motion to strike "Appendix A" to Fodge's reply brief (Docket Entry No. 37) is granted.

**AFFIRMED.**